IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MERILYN B. IGNACIO,<br><br>                Plaintiff,<br><br>   vs.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>                Defendant. | Civ. No. 19-00628 JMS-KJM<br><br>ORDER REVERSING ALJ DECISION AND REMANDING FOR FURTHER PROCEEDINGS |

## ORDER REVERSING ALJ DECISION AND REMANDING FOR FURTHER PROCEEDINGS

### I. INTRODUCTION

This is an action brought under 42 U.S.C. § 405(g) to review a final decision of the Commissioner of Social Security Andrew Saul (the "Commissioner" or "Defendant"). Merilyn B. Ignacio ("Plaintiff" or "Claimant") appeals the Commissioner's adoption of an Administrative Law Judge's ("ALJ") November 14, 2018 decision finding Claimant not disabled under the Social Security Act ("ALJ Decision"). Plaintiff argues the ALJ committed legal error by failing to provide specific reasons for rejecting Plaintiff's pain testimony and the opinion of Plaintiff's examining expert. The court agrees that the ALJ did not provide the specific reasons required by law when he rejected Plaintiff's pain

testimony. Thus, as further explained below, the court REVERSES the ALJ's decision and REMANDS for further proceedings.

## II.  BACKGROUND

**A.     The ALJ's Findings and Decision**

Claimant filed for disability pursuant to Title II on April 13, 2016, and a Title XVI application for supplemental security income on April 29, 2016. Admin. R. ("AR")[1] 16. The ALJ dismissed the April 13, 2016 Title II application, which Claimant is not disputing. ECF No. 14 at PageID #764. Claimant is only seeking review of her April 29, 2016 supplemental security income claim. *Id.*

The Social Security Administration ("SSA") has established a five-step sequential analysis to assess disability claims, which asks:

> (1) Has the claimant been engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.
>
> (2) Has the claimant's alleged impairment been sufficiently severe to limit his ability to work? If not, the claimant is not disabled. If so, proceed to step three.
>
> (3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

---

[1] The AR is numbered sequentially from pages 1 to 710 and is available at ECF No. 12.

(4) Does the claimant possess the residual functional capacity ("RFC")[2] to perform his past relevant work?  If so, the claimant is not disabled.  If not, proceed to step five.

(5) Does the claimant's RFC, when considered with the claimant's age, education, and work experience, allow him to adjust to other work that exists in significant numbers in the national economy?  If so, the claimant is not disabled.  If not, the claimant is disabled.

*See, e.g.*, *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. § 404.1520).  For steps one through four, the burden of proof is on the claimant, and if "a claimant is found to be 'disabled' or 'not disabled' at any step in the sequence, there is no need to consider subsequent steps."  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the claimant reaches step five, the burden shifts to the Commissioner.  *Id.*

Under this five-step rubric, the ALJ found Claimant not disabled. Specifically, the ALJ found that Claimant had not engaged in substantial gainful activity since June 1, 2012, under Step 1.  AR 20.  Under Step 2, the ALJ found that Claimant had severe impairments of lumbar stenosis and disk disease, history of right ankle fusion, and right carpal tunnel syndrome.  *Id*.  In making such a finding, the ALJ noted that Claimant had non-severe impairments, including "hypertension; schizophrenia; anxiety and depression, left elbow tendinitis, chronic

---

[2] The RFC is "the most [a claimant] can still do despite [any] limitations" based on claimant's "impairment(s), and any related symptoms, such as pain [that] may cause physical and mental limitations that affect what [a claimant] can do in a work setting."  20 C.F.R. § 404.1545(a).

3

constipation, and; headaches." *Id*. He also found that Claimant did "not have more than mild limitations in the four broad areas of mental functioning," AR 20-22, which Claimant does not appear to be disputing here.

Under Step 3, the ALJ found that Claimant did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404. AR 22. And he found that Claimant is unable to perform past relevant work, under Step 4. AR 26.

But, the ALJ ultimately found Claimant not disabled at Step 5. There, he found that Claimant had the RFC to occasionally lift and/or carry 20 pounds, and frequently lift and/or carry 10 pounds.[3] AR 22. She can also stand, walk, and/or sit for 6 hours out of 8 hours. AR 22-23. Further, she can occasionally

---

[3] The ALJ found Claimant capable of "light work," which:

> involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 CFR § 416.967(b). This is a step above "Sedentary work," which "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." *Id.* at § 416.967(a).

4

climb stairs and ramps; occasionally balance, stoop, kneel, crouch, and/or crawl. AR 23. Her right, dominant hand was "limited to frequent fine and gross manipulation—no forceful torqueing or grasping with the right hand (such as when opening a tight jar)." *Id.* And "she cannot be exposed to hazardous machinery or unprotected heights to include no ladders, ropes, or scaffolds, and; she must use a cane when she is outside the immediate work area." *Id.*

In determining Claimant's RFC, the ALJ considered Claimant's symptom testimony as follows:

> Claimant testified that she could not work because of pain in several parts of her body. Specifically, claimant testified that her lower back was sore, and that she had lower sciatica, but that the pain did not travel. She testified that her doctor had recommended surgery about 2 years prior to the date of the hearing, but that she had heard that her doctor left the area, and she had not followed up with trying to schedule surgery with another doctor, an indication that her back pain is not as severe as she alleged. She additionally testified that her right foot (toes and ankle) hurt, noting that she had prior fusion surgery, and now wore a lift in her shoe and used a prescribed cane. She further testified that she had carpal-tunnel-release surgery performed on her right, dominant hand (which helped her right hand), though she wound up compensating with the left hand and arm, sometimes causing overuse in the left.
>
> She testified that she could sit for a "couple hours" and could stand for three hours at a time before needing to change positions. She additionally testified that she thought she could lift 5 pounds.

5

> As for her activities of daily living, claimant said that she completed all of her personal care activities, shopped for her clothing and groceries both online and in stores, and she testified that she prepared her own meals. She also said that she performed some household chores such as sweeping, watering plants, folding clothes, and hand-washing laundry, and that she cared for pets (to include feeding, walking, and bathing them.)
>
> After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of those symptoms are not fully supported by the medical evidence as a whole for the reasons explained in this decision.

AR 23-24 (internal citations omitted). The ALJ then summarized the medical records relating to Plaintiff's backpain. *See* AR 24. Subsequently, he stated that he "accounted for claimant's symptoms in the RFC adopted by, for example, limiting her to standing, walking, and/or sitting for 6 out of 8 hours and performing just occasional postural activities." *Id*.

Further, the ALJ reviewed the opinion evidence, including various physicians, both examining and non-examining. He gave substantial weigh to the opinions of non-examining state agency physicians, Dr. N. Shibuya and Dr. G. Harp. AR 26. He gave no weight, however, to the opinion of Dr. Kenneth Kau, an

6

examining physician, who opined that Claimant "was limited to no more than Sedentary exertion." *Id.*

In considering the RFC adopted by the ALJ, the vocational expert determined Claimant could perform occupations such as Cashier, Ticket Taker, or a Nut Sorter—of which the numbers of jobs are significant in the national economy. AR 28. Accordingly, the ALJ found Claimant "not disabled" under Step 5. *Id.*

**B.     Procedural Background**

The ALJ denied Claimant's application for supplemental security income on November 14, 2018. ECF No. 1 at PageID #3. On September 25, 2019, the Social Security Appeals Council denied Plaintiff's request for the Appeals Council to review the decision by the ALJ. *Id.* Claimant filed her appeal of the final decision before this court pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). *Id.* at PageID #2.

Claimant filed her Opening Brief on May 8, 2020. ECF No. 14. The Commissioner filed his Answering Brief on June 22, 2020. ECF No. 15. And Claimant filed her optional Reply Brief on July 7, 2020. ECF No. 16. The court held a telephonic hearing on August 10, 2020.

### III. STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Social Security Act. *See* 42 U.S.C. § 405(g). In reviewing findings of fact, the court must uphold the Commissioner's decision, made through an ALJ, "unless it is based on legal error or is not supported by substantial evidence." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).

### IV. DISCUSSION

Plaintiff argues that the ALJ committed legal error when he failed to provide specific, clear and convincing reasons for rejecting Claimant's symptom testimony. Specifically, she alleges that the ALJ erred when he "failed to give specific, clear and convincing reasons to reject [Plaintiff's] testimony that she could not meet the lifting and carrying requirements and the standing and walking requirements to do light work." ECF No. 14 at PageID #775. When the ALJ evaluates a claimant's testimony about the severity of her pain, he engages in a two-step process. "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (internal quotation marks and citation omitted). Second, "if the claimant meets this first test, and there

is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Id.* (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)).

Here, the parties agree that Claimant satisfied step one of this analysis. *See also* AR 23-24 (noting the two-step process and finding Claimant's "medically determinable impairments could reasonably be expected to cause the alleged symptoms"). As to step two, Claimant argues that the ALJ failed to make *specific* findings; that is, the ALJ rejected Claimant's testimony that she could lift only about five pounds or stand for only three hours, without providing specific reasons. *See generally* ECF No. 14 at PageID #777-82.

Claimant cites—and the court finds—*Brown-Hunter v. Colvin*, 806 F.3d 487 (9th Cir. 2015) as directly on point. In *Brown-Hunter*, the Ninth Circuit reversed the ALJ's findings because the ALJ failed to articulate specific, clear and convincing reasons before rejecting the claimant's symptom testimony in forming the RFC.

> The ALJ began her discussion of the RFC with her conclusion that Brown-Hunter had the RFC "to perform light work . . . except she can perform no more than occasional pushing and pulling with the upper and lower extremities." The ALJ then acknowledged her duty to "evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's functioning," and, where

9

>appropriate, to "make a finding on the credibility of the statements based on a consideration of the entire case record." She went on to paraphrase Brown-Hunter's testimony regarding the chronology of her back pain, followed by a summary of the treatments and prescriptions for that pain, the symptoms pertaining to Brown-Hunter's diabetic peripheral neuropathy, as well as Brown-Hunter's height, weight, smoking habits, and ability "to drive short distances, sit for one hour and stand for 45 minutes."
>
>Following that summary, the ALJ concluded that although Brown-Hunter's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms," her "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment."
>
>Finally, after devoting the next eight paragraphs to summarizing the medical evidence in the record, the ALJ stated:
>
>>After careful consideration of the entire record, including the medical evidence and the testimony at the hearing, I find the functional limitations resulting from the claimant's impairments were less serious than she has alleged. . . . [While] the medical evidence supports a finding that the claimant's impairments . . . impos[e] some restrictions, [they] did not prevent her from engaging in all work related activities.

806 F.3d at 490-91 (quoting the ALJ decision at various parts, brackets in the original). The Ninth Circuit, however, rejected this sort of summary analysis without linking claimant's specific pain or symptom testimony to particular parts

of the record.  Citing to prior Ninth Circuit authority, *Brown-Hunter* found that the ALJ "failed to identify the testimony she found not credible" and "did not link that testimony to the particular parts of the record supporting her non-credibility determination."  *Id.* at 494.  Such failure is legal error.  *Id.*

The Commissioner argues that the ALJ did not commit legal error because the RFC finding was rooted in substantial evidence.  *See* ECF No. 15 at PageID #802-09.  However, as Claimant pointed out, the ALJ's findings must be rooted in substantial evidence *and* be absent of legal error in order for the court to affirm.  *See Ryan*, 528 F.3d at 1198.

At the August 10, 2020 hearing, the Commissioner argued that the ALJ's findings were not as conclusory as *Brown-Hunter*'s ALJ decision, but when prompted, the Commissioner was unable to identify particular portions of the decision where the ALJ provided specific reasons and linked Claimant's pain testimony to the objective medical record, before rejecting her pain testimony (as required by *Brown-Hunter*).[4]  As the Commissioner states, "the ALJ expressly discussed [Claimant's] allegations of standing and lifting limitations.  Then, in a detailed summary of Plaintiff's treatment records and testimony, the ALJ

---

[4] At most, the Commissioner identifies one passage from the ALJ where he identifies objective medical evidence regarding a right ankle fusion.  *See* AR 25.  This symptom testimony, however, is separate from her testimony as to her ability to stand or lift.  And, even if the ALJ's discussion of the right ankle fusion satisfied *Brown-Hunter* as to Claimant's ability to stand (which it does not), the decision provides no basis to reject her testimony regarding her ability to lift up to 5 pounds.

11

contrasted these allegations with the overwhelmingly benign objective clinical findings" which the Commissioner believes "fulfilled the ALJ's obligation." ECF No. 15 at PageID #809. But *Brown-Hunter* rejects this sort of analysis. That is, it is legal error when "the ALJ summarize[s] a significant portion of the administrative record in support of her RFC determination [and] provid[es] a summary of medical evidence in support of a [RFC] finding" because that "is not the same as providing clear and convincing *reasons* for finding the claimant's symptom testimony not credible." *Brown-Hunter*, 806 F.3d at 494.

And here, while the ALJ indeed does provide a thorough summary of Claimant's testimony, *see* AR 23-24, his finding that "[C]laimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not fully supported by the medical evidence," AR 24, fails to articulate *which* of Claimant's statements were inconsistent with the medical records, *see id*. Rather, the ALJ summarized the medical records, noted that he had "accounted for [C]laimant's symptoms in the RFC" by "limiting her to standing, walking, and/or sitting for 6 out of 8 hours," *id.*, without articulating why he rejected her testimony that she that she could stand for three hours at a time before needing to change positions," or that she could only lift about five pounds, AR 23.[5] Accordingly,

---

[5] The Commissioner argues that the ALJ did not "insufficiently articulate[] his analysis," ECF No. 15 at PageID #802, providing all the alleged inconsistencies between Claimant's

(continued . . .)

because the ALJ failed to provide the required clear and convincing *reasons* to reject Claimant's symptom testimony, the court must remand because "'we cannot . . . speculate as to the grounds for the ALJ's conclusions.'" *Brown-Hunter*, 806 F.3d at 495 (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014)). Although the ALJ provided extensive and thorough summaries of the medical records, the ALJ must also "'provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence.'" *Id.* (citing *Treichler*, 775 F.3d at 1103). And unfortunately, the ALJ failed on this point.[6]

## V. CONCLUSION

For the foregoing reasons, the court REVERSES the ALJ's Decision and REMANDS this action to the ALJ for further proceedings consistent with this

///

///

---

testimony and the objective medical record, *see id.* at PageID #804-09. This may be true in the abstract, but it ignores the requirements of *Brown-Hunter*—that the ALJ (and not the Commissioner) provide the required linking of specific pain or symptom testimony that he found lacked credibility to particular parts of the record.

[6] Plaintiff also argues that the ALJ failed to provide sufficient reasoning to reject the opinion of Dr. Kau, an examining physician. Given the court's finding above, the court need not reach this issue. Nonetheless, on remand the ALJ should carefully consider the standards in the Ninth Circuit that apply to an ALJ's rejection of examining physician opinion. *See, e.g.*, *Lester v. Chater*, 81 F.3d 821 (9th Cir. 1995).

13

Order. The Clerk of Court is instructed to close the case file.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 13, 2020.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Ignacio v. Saul*, Civ. No. 19-00628 JMS-KJM, Order Reversing ALJ Decision and Remanding for Further Proceedings